UNITED STATES v. FUNG SAM WING et al.

(District Court, N. D. California, First Division. March 21, 1918.)

No. 5896.

1. ALIENS ☞27—CHINESE EXCLUSION ACT—PREINVESTIGATION OF CLAIM OF CHINESE PERSON TO BE MERCHANT.

Under the Chinese Exclusion Acts (Comp. St. 1916, § 4324), the Department of Labor was authorized to promulgate its rule for the investigation, in advance of his departure, of the claimed mercantile status of a Chinese person desiring to go abroad temporarily, and to require such person to furnish with his application the names of two witnesses able to testify that for one year preceding proposed departure the applicant had been engaged in mercantile pursuit named, so the securing of approval of the application of one not entitled would work a fraud on the government.

2. CONSPIRACY ☞33—TO DEFRAUD GOVERNMENT.

A conspiracy to secure the approval of the application of a Chinese person, desiring temporarily to go abroad, for preinvestigation of his claimed mercantile status, when he is not entitled to the same, is a violation of Criminal Code, § 37 (Comp. St. 1916, § 10201), denouncing conspiracies to defraud the government.

3. CONSPIRACY ☞43(10)—CHINESE PERSONS—OFFENSES—INDICTMENT.

An indictment alleging that defendants conspired to secure the approval of the application of a Chinese person desiring to go abroad for preinvestigation of his claimed mercantile status held, in view of the requirement of the rule of the Department of Labor that application should be made 30 days before proposed departure, and the Chinese Exclusion Acts (Comp. St. 1916, § 4324), to be insufficient, as it merely alleged defendants knew the applicant had not been a merchant for one year before his application.

Fung Sam Wing, alias Sam Fong, and others, were indicted, charged with conspiracy to defraud the United States by securing from the Commissioner of Immigration, etc., approval of the application of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fung Sam Wing for preinvestigation of his claim that he was a domiciled merchant. On demurrer to the indictment. Sustained.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

John T. Thornton and Heim Goldman, both of San Francisco, Cal., for defendants.

DOOLING, District Judge. The defendants are charged with a conspiracy to defraud the United States by securing from the Commissioner of Immigration at Angel Island for Fung Sam Wing, a Chinese person, claiming to be a merchant domiciled in this country, the approval of the application of said Fung Sam Wing, pursuant to the provisions of rule 15 of the Department of Labor, governing the admission of Chinese, for the preinvestigation of his claim that he was such domiciled merchant, with the intent that said application should, when approved, enable the said Fung Sam Wing to go abroad and return to the United States without difficulty, because of his approved status as such domiciled merchant.

The indictment further avers that a lawfully domiciled Chinese merchant, within the meaning of the Chinese Exclusion Laws (Act Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 [Comp. St. 1916, § 4324]), is a Chinese person who, for at least one year immediately preceding the date of the application for a preinvestigation of his status, had been engaged in the occupation of a merchant and had not performed any manual labor, except such as was necessary in the conduct of his business as such merchant. It is then averred that the said Fung Sam Wing was not, as defendants well knew, a lawfully domiciled merchant, within the meaning of the Chinese Exclusion Laws, at the time of his said application; that is to say, a Chinese person who had been engaged, for a least one year immediately preceding the date of the said application, in the occupation of a merchant, and had not performed any manual labor, except such as was necessary in the conduct of his said occupation. The indictment then charges the commission of certain overt acts in furtherance of the conspiracy.

[1, 2] The Chinese Exclusion Law provides that the term "merchant," as employed therein, shall have the following meaning and none other:

"A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary * * * as such merchant."

Here is found no mention of the continuance of this status for a year or any other period. The same act, however, declares (the declaration following immediately the language quoted):

"Where an application is made by a Chinaman for entrance into the United States on the ground that he was formerly engaged in this country as a merchant, he shall establish by the testimony of two credible witnesses, other than Chinese, the fact that he conducted such business as hereinbefore defined for at least one year before his departure from the United States,

and that during such year he was not engaged in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant, and in default of such proof shall be refused landing."

The act also authorizes the Department of Labor to make such rules and regulations, not inconsistent with the laws of the land, as it may deem necessary and proper to carry the laws into effect.

Pursuant to this authority, and in order to avoid delay in securing admission upon the return of a Chinese merchant to this country, the Department of Labor promulgated rule 15, providing for the investigation in advance of his departure of the claimed mercantile status of a Chinese person who desires to go abroad temporarily. This rule provides that such person may make application upon a prescribed form for such investigation, which application must be filed at least 30 days prior to the date of proposed departure.

In the application must be furnished the names and addresses of two (or more) credible witnesses other than Chinese, who are able and willing to testify of their own knowledge that for at least one year immediately preceding the date of proposed departure, the applicant has been engaged exclusively in the pursuit named by him. The officer to whom the application is made shall examine the applicant, such witnesses as he shall produce, and such other witnesses as may be necessary.

If the officers are satisfied that the applicant is such Chinese merchant as is entitled to leave the country and return, the application is approved in writing, and upon the production of such approved application, when the applicant returns from abroad, he shall in the language of the rule "be promptly admitted without further examination or investigation."

I have no doubt that the rule is one which the Department of Labor has the power to make under the law, and that the securing of an approved application by one not entitled thereto would be a fraud upon the government. It would also be an offense under section 37 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1916, § 10201]) for two or more persons to conspire to defraud the government by fraudulently securing such an approval for one not entitled to it. So that the offense attempted to be charged here is one that might well be committed. It does not seem to me, however, that the present indictment states an offense, if we bear in mind the provisions of the act and the rule above cited.

[3] The act requires of a returning merchant proof that he was such for at least one year immediately preceding his departure. The rule, based thereon, requires the naming of at least two witnesses by the applicant for preinvestigation, who will testify that he was a merchant for at least one year immediately preceding the date of proposed departure. This application must be filed at least 30 days prior to the date of the proposed departure.

The indictment, however, charges that the conspiracy was to secure the approval of an application fraudulently, because the applicant had not been a merchant for one year preceding the date of his application, and that the witnesses well knew that he had not been a

merchant as defined by the statute for a period of one year immediately prior to the date of his application. But this fact might well be true, and still no fraud committed or attempted, as neither the law nor the rule requires proof of the existence of the mercantile status for a year prior to the date of the application, but for a year prior to the date of the proposed departure, which by the very terms of the rule must be at least 30 days subsequent to the date of the application.

Of course, the portion of the indictment charging the forming and existence of the conspiracy is not aided by the statement of the commission of the overt acts.

The demurrer to the indictment will therefore be sustained.